UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| In re:<br>**Brett R Locker**<br>**Savita K Locker**<br><br>Debtor(s). | Case No. **24-13218**<br><br>CHAPTER 13 PLAN<br><br>\_\_ Original          **X** AMENDED<br><br>Date:   5/7/25 |
|---|---|

## I. Disclosure of Nonstandard Provisions and Plan's Modification of Secured Debt:

A. Does this plan contain any nonstandard provisions (check one)?
**X**   Yes
\_\_\_\_  No

B. Does this plan limit the amount of a secured claim based on a valuation of the collateral for the claim (check one)?
\_\_\_\_  Yes
**X**   No

C. Does this plan avoid a security interest or lien (check one)?
\_\_\_\_  Yes
**X**   No

If the Debtor has either not indicated "yes" in the applicable section above or made no selection, any nonstandard provision or language in this plan purporting to limit the amount of a secured claim based on a valuation of the collateral or to avoid a security interest or lien is void. Even if the Debtor indicated "no" in Section 1.B or Section 1.C, the Debtor may seek to limit the amount of a secured claim based on a valuation of the collateral for the claim or avoid a security interest or lien through a motion or an adversary proceeding.

## II. Means Test Result and Plan Duration:

Debtor is (check one):
**X**     a below median income debtor with a 36 month applicable commitment period
\_\_\_\_   an above median income debtor with a 60 month applicable commitment period

The plan's length shall not be less than the Debtor's applicable commitment period unless the plan either provides for payment in full of allowed unsecured claims over a shorter period or is modified post-confirmation. If the Debtor is below median income, then the plan's length shall automatically be extended up to 60 months after the first payment is due if necessary to complete the plan

## 1II. Plan Payments to the Trustee:

No later than 30 days after the order for relief, the Debtor shall commence making payments to the Trustee as follows:
A.     AMOUNT: $ **2,300.00, then $2,830.00 beginning in April, 2025.**
B.     FREQUENCY (check one):
**X**   Monthly
\_\_\_\_  Twice per month
\_\_\_\_  Every two weeks
\_\_\_\_  Weekly
C.     TAX REFUNDS: The Debtor (check one):
\_\_ commits all tax refunds to funding the plan. Committed refunds shall be paid in addition to the plan payment amount stated above.
**X** does not commit; all tax refunds to funding the plan. If no selection is made, tax refunds are committed.
D.     PAYMENTS: Plan payments shall be deducted from the Debtor's wages unless otherwise agreed to by the Trustee or ordered by the Court.
E.     OTHER:

[Local Bankruptcy Form 13-4, eff. 12/23]

**IV. Distribution of Plan Payments by the Trustee:**

The provisions of Section IV govern the Trustee's distribution of funds unless otherwise ordered by the court or provided in Section X.

The Trustee shall disburse funds on a proof of claim whether filed timely or late, unless otherwise ordered by the court following an objection to the claim. If this case is dismissed or converted, the Trustee shall turn over funds on hand to the debtor care of the debtor's attorney, unless otherwise ordered by the court.

Upon confirmation of the plan, the Trustee shall disburse funds received in the following order and creditors shall apply them accordingly, provided that disbursements for domestic support obligations and federal taxes shall be applied according to applicable non-bankruptcy law:

    A.    ADMINISTRATIVE EXPENSES:
        1. <u>Trustee</u>. The percentage set pursuant to 28 USC §586(e).
        2. <u>Other administrative expenses</u>. As allowed pursuant to 11 USC §§ 507(a)(2) or 707(b).
        3. <u>The Debtor's Attorney's Fees</u>: Pre-confirmation attorney's fees and/or costs and expenses are estimated to be $ **5,000.00** . $ **2,000.00** was paid prior to filing.
        Approved attorney compensation shall be paid after ongoing domestic support obligations and then as (check one):
    a. __ Prior to all creditors
    b. __ Monthly payments of $__
    c. **_X_** All available funds after designated "Monthly Payment" amounts to the following creditors:: **Creditors listed in Section IV.C.10** .
    d. __ Other: __.

If no selection is made, approved compensation will be paid at the Trustee's discretion.

    B.    ONGOING DOMESTIC SUPPORT OBLIGATIONS:

| **Creditor** | **Monthly Payment** |
|---|---|
| **-NONE-** | $ |

    C.    SECURED CLAIMS: Only creditors holding allowed secured claims specified below or provided in Section X will receive payment from the Trustee. If the plan provides for a claim to be paid as a secured claim and the creditor files the claim as unsecured, the claim will be treated as an unsecured claim. Secured creditors shall retain their liens until the earlier of payment of the underlying debt, determined under nonbankruptcy law, or discharge under 11 U.S.C. § 1328. Secured creditors shall not assess any late charges, provided payments from the plan to the secured creditor are current.

The Trustee shall disburse funds to secured claims in the following order:
    1. "Monthly Payment" amounts for "Ongoing Payments" in Section IV.C.8. and Section IV.C.9.
    2. "Monthly Payment" amounts in Section IV.C.10.
    3. "Monthly Payment" amounts for "Cure Payments" in Section IV.C.8. and Section IV.C.9.
    4. All available funds pro rata to creditors listed under "910 Collateral" and "Non-910 Collateral" in Section IV.C.10.
    5. All available funds pro rata to "Cure Payments" accruing interest in Section IV.C.8. and Section IV.C.9.
    6. All available funds pro rata to "Cure Payments" not accruing interest in Section IV.C.8. and Section IV.C.9.
    7. If the plan provides for the Trustee to disburse any funds to a creditor secured by real property, all available funds for the amounts included in a Notice of Fees, Expenses and Charges related to that creditor.

If the received plan payment funds are insufficient, the Trustee shall make the secured claim payments pro rata in the same order.

The interest rates in the plan control except that (a) the interest rate for ongoing payments included in a creditor's proof of claim secured by a mortgage or deed of trust on real property shall control; and (b) the interest rate for pre-petition arrearages on claims secured by a mortgage or deed of trust on real property shall be 0%. If the interest rate in the plan controls, but the interest rate is left blank, the interest rate shall be the lesser of 12% or the interest rate included in a creditor's proof of claim.

For claims secured by personal property, the monthly payment amounts in the plan control.

For claims secured by real property, the monthly payment and pre-petition arrearage amounts in the creditor's proof of claim and notice of payment change control.

For claims secured by real and / or personal property, the Trustee shall cease making payments to a creditor if the creditor is granted relief from the automatic stay; and the funds that would have been paid to that creditor shall be disbursed per the plan.

If overall plan payments are sufficient, the Trustee may increase or decrease post-petition installments for ongoing mortgage payments, homeowner's dues and/or real property tax holding accounts based on changes in interest rates, escrow amounts, dues and/or property taxes.

8. Payments on Claims, or Non-Escrowed Postpetition Property Tax Holding Accounts, Secured Only by Security Interest in the Debtor's Principal Residence (Interest included in payments at contract rate, if applicable):

Ongoing Payments:

| Monthly Payment | Creditor | Collateral |
|---|---|---|
| $ 530.00 | Umpqua Bank | 1445 Hemlock Drive SE Auburn, WA 98092 |

Cure Payments:

| Monthly Payment | Creditor | Collateral | Arrears to be Cured | Interest Rate |
|---|---|---|---|---|
| $ 30.00 | Rocket Mortgage | 1445 Hemlock Drive SE, Auburn, WA 98092 | $ 1,818.34 | 0.00 % |

9. Payments on Claims, or Non-Escrowed Postpetition Property Tax Holding Accounts, Secured by Real Property Other than the Debtor's Principal Residence:

Ongoing Payments:

| Monthly Payment | Creditor | Collateral | Interest Rate |
|---|---|---|---|
| $ | -NONE- | | % |

Cure Payments:

| Monthly Payment | Creditor | Collateral | Arrears to be Cured | Interest Rate |
|---|---|---|---|---|
| $ | | -NONE- | $ | % |

10. Payments on Claims Secured by Personal Property:

a. 910 Collateral.

The Trustee shall pay the contract balance stated in the allowed proof of claim for a purchase-money security interest in any motor vehicle acquired for the personal use of the Debtor within 910 days preceding the filing date of the petition or in other personal property acquired within one year preceding the filing date of the petition as specified below. The Debtor stipulates that pre-confirmation adequate protection payments shall be paid by the Trustee in the amounts stated as the "Pre-Confirmation Adequate Protection Monthly Payment" or, if blank, in the amounts stated as the "Monthly Payment" as specified below after the creditor files a proof of claim.

| Monthly Payment | Creditor | Collateral | Pre-Confirmation Adequate Protection Monthly Payment | Interest Rate |
|---|---|---|---|---|
| $ 1,399.84 | Sound Credit Union | 2020 GMC 3500 HD | $ 900.00 | 7.24 % |

b. Non-910 Collateral.

The Trustee shall pay the value of the property or the asserted secured amount, whichever is greater, stated in the proof of claim provided that the Trustee shall not pay more than the amount of the claim, for a security interest in personal property which is non-910 collateral. The Debtor stipulates that pre-confirmation adequate protection payments shall be paid by the Trustee in the amounts stated

[Local Bankruptcy Form 13-4, eff. 12/23]

as the "Pre-Confirmation Adequate Protection Monthly Payment" or, if blank, in the amounts stated as the "Monthly Payment" as specified below after the creditor files a proof of claim.

| Monthly Payment | Creditor | Collateral | Pre-Confirmation Adequate Protection Monthly Payment | Interest Rate |
|---|---|---|---|---|
| $ 447.00 | Advantis Credit Union | 2016 Harley CVO Streetglide CVO | $ 220.00 | 10.5 % |
| $ 95.00 | Performance Finance | 2021 Indian Scout Bobber | $ 41.00 | 8.00 % |

    D.    PRIORITY CLAIMS: Payment in full, on a pro rata basis, of filed and allowed claims entitled to priority in the order stated in 11 U.S.C. § 507(a).

    E.    NONPRIORITY UNSECURED CLAIMS: Nonpriority unsecured claims may receive more than the "At least" amount below. The Trustee shall pay filed and allowed nonpriority unsecured claims as follows (check one):

    ___ 100%
    _X_ At least $ **0.00**.

The Trustee shall pay the following specially classified nonpriority unsecured claims prior to other nonpriority unsecured claims:

| Rank | Creditor | Amount of Claim | Percentage to be Paid | Reason for Special Classification |
|---|---|---|---|---|
|  | -NONE- | $ | % |  |

**V.    Direct Payments to be made by the Debtor and not by the Trustee:**
The following claims shall be paid directly by the Debtor according to the terms of the contract or support or withholding order, and shall receive no payments from the Trustee. (Payment stated shall not bind any party.)

    A. DIRECT PAYMENT OF DOMESTIC SUPPORT OBLIGATIONS:

| Creditor | Monthly Payment |
|---|---|
| -NONE- | $ |

    B.    OTHER DIRECT PAYMENTS:

| Creditor | Nature of Debt | Monthly Payment |
|---|---|---|
| Rocket Mortgage | Mortgage | $ 1,880.00 |

**VI.    Secured Property Surrendered:**
The secured property described below will be surrendered to the following named creditors on confirmation.
The Debtor requests that upon confirmation, each creditor (including successors and assigns) to which the Debtor is surrendering property pursuant to this section be granted relief from the stays of 11 U.S.C. §§ 362(a) and 1301(a) to enforce its security interest against the property including taking possession and sale.

| Creditor | Property to be Surrendered |
|---|---|
| -NONE- |  |

**VII.    Executory Contracts and Leases:**
The Debtor will assume or reject executory contracts or unexpired leases as specified below. Assumption shall be by separate motion and order entered prior to or at confirmation, and any cure and/or continuing payments will be paid as specified in the plan. Any executory contract or unexpired lease not assumed pursuant to 11 U.S.C § 365(d) is rejected. If rejected, upon confirmation the creditor is granted relief from the stays of 11 U.S.C. §§ 362(a) and 1301(a) with respect to the property which is the subject of the rejected contract or lease, and any allowed unsecured claim for damages shall be paid under Section IV.E.

| Contract/Lease | Assumed or Rejected |
|---|---|

[Local Bankruptcy Form 13-4, eff. 12/23]

| Contract/Lease | Assumed or Rejected |
|---|---|
| KRG Renton North Benson, LLC | Rejected |

**VIII.   Property of the Estate:**

Property of the estate is defined in 11 U.S.C. § 1306(a). Unless otherwise ordered by the Court, property of the estate in possession of the Debtor on the petition date shall vest in the Debtor upon confirmation. However, the Debtor shall not lease, sell, encumber, transfer or otherwise dispose of any interest in real property or personal property (including, but not limited to, bonuses, inheritances, tax refunds or any claim) without the Court's prior approval, except that the Debtor may dispose of unencumbered personal property with a value of $10,000 or less without the Court's approval. Property (including, but not limited to, bonuses, inheritances, tax refunds or any claim) acquired by the Debtor post-petition shall vest in the Trustee and be property of the estate. The Debtor shall promptly notify the Trustee if the Debtor becomes entitled to receive a distribution of money or other property (including, but not limited to, bonuses, inheritances, tax refunds or any claim) with a value in excess of $2,500, unless Section X specifically provides for the Debtor to retain the money or property.

**IX.   Liquidation Analysis Pursuant to 11 USC § 1325(a)(4)**

The liquidation value of the estate is $ **0.00**. To obtain a discharge, the Debtor must pay the liquidation value or the total of allowed priority and nonpriority unsecured claims, whichever is less. Under 11 U.S.C. §§ 1325(a)(4) and 726(a)(5), interest on allowed unsecured claims under Section IV.D and IV.E shall be paid at the rate of __ % per annum from the petition date (no interest shall be paid if left blank).

**X.   Nonstandard Provisions:**

All nonstandard provisions of this plan are set forth in this section and separately numbered. Any nonstandard provision placed elsewhere in this plan is void. Any modifications or omissions to the form plan not set forth in this section are void.

A. Debtor(s) payment will increase by $695.00 beginning in February, 2027 once the Debtor(s) 403(b) Loan(s) are paid in full.

B. The Trustee shall make the monthly payments only on the claim of Sound Credit Union regarding the 2020 GMC included in Section IV.C.10.a. The Trustee shall not pay all available funds pro rata on this claim under Section IV.C.4. The claim may not be paid in full during the plan and any remaining balance owed at the time of plan completion will be paid directly by the debtors post-discharge. However, the debtors are obligated to complete the applicable commitment period provided for in Section II.

C. In addition to the payment listed in Section IV.C.8, the Trustee shall pay the claim of Umpqua Bank secured by the home and real property located at 1445 Hemlock Drive SE, Auburn, WA all available funds, after payment in full of administrative, priority claims and the payments as listed in Section IV.C. 10. The secured claim, which is limited to $75,000.00 shall accrue interest at 8% APR and may not be paid in full during the plan. Any remaining balance owed at the time of the plan completion will be paid directly by the debtors post-discharge with payments of $827.00 per month. However, the debtors are obligated to complete the applicable commitment period provided for in Section II. The remaining amount owed on the modified secured claim of Umpqua Bank shall not be discharged and the creditor will retain its lien.

By filing this plan, the attorney for the Debtor(s) or the Debtor(s) if not represented by an attorney certify that the wording and order of the provisions in this plan are identical to those contained in Local Bankruptcy Form 13-4, other than any nonstandard provisions included in Section X.

**(Signature Page)**

| /s/ Thomas Neeleman | /s/ Brett Locker | 5/7/25 |
|---|---|---|
| **Thomas D. Neeleman 33980** | **Brett R Locker** | Date |
| Attorney for Debtor(s) | DEBTOR | |
| 5/7/25 | /s/ Savita Locker | 5/7/25 |
| Date | **Savita K Locker** | Date |
| | DEBTOR | |

[Local Bankruptcy Form 13-4, eff. 12/23]